Good morning, Your Honors, and may it please the Court, Zulma Munoz for the petitioner Mr. Vasquez Chavez. There are key tenets the Board must follow. One of the key tenets is that it may not conduct independent fact-finding during the appeals decision. The Board in this case engaged in impermissible fact-finding. This Court retains jurisdiction over this petition, even in a discretionary determination, and its duty in this matter is quite simple. It is a prediction of whether Mr. Vasquez would re-offend a factual finding or a re-weighing of established discretionary factors, because it is the former the Board conducted improper fact-finding, and petitioner's removal order is legally insufficient. As discussed at length in Petitioner's Opening . . . Well, let me add, you know, one thing that struck me about this case was that, you know, the Board, putting aside factual findings for just a moment by the IJ, if the issue before the Board is a legal question or a discretionary decision, I forget what the third category is, the Board gets to exercise de novo review, is that right? Yes, Your Honor. And while . . . Okay, so in this case, the two seem to intersect at some point. Yes, Your Honor. While the Board is allowed to review decisions, findings of a judge de novo, it cannot conduct . . . No, it's the discretionary, it's the ultimate discretionary decision that the BIA can review de novo. Correct, Your Honor. But your argument is, is that in doing that, the Board made factual . . . Improper. . . . improper factual determinations. Yes, Your Honor. The Board in this case engaged in four types of improper fact-findings. The first is that the petitioner did not genuinely rehabilitate, a finding contrary to the judge's. The judge found that the petitioner sufficiently rehabilitated. Secondly . . . Well . . . It wasn't quite that. I mean, the IJ found that more likely than not, the petitioner would rehabilitate. It was a predictive finding based on probabilities. That's one piece of evidence. The Board said that's nice, but we weigh his three prior convictions and his three prior inabilities to stay off alcohol by going through similar . . . Similar schooling that he's going through now. So my question to you is this, given that they can't make . . . that the Board can't make a contrary factual finding as to the predictive probability of him being rehabilitated, can they not weigh the prior convictions in exercising their discretion or judgment that that evidence outweighs the evidence which has been found by the IJ? I understand, Your Honor. While the Board has authority to review the judge's discretionary decisions de novo, it may not conduct independent fact-finding here. Rather than deferring to the judge's factual findings about petitioner's rehabilitation and credibility under clear error, the Board impermissibly engaged in its own fact-finding. In addition to . . . The Board does say sort of contradictory things. On page ER5, it says the respondent has not shown persuasive evidence of rehabilitation. That is contrary to the IJ's finding. But in the paragraph after that, it says he's placed in removal proceedings indicates a disregard for the laws of the United States and a continuing risk to the public. Thus, his application for adjustment of status will be denied as a matter of discretion. So those two paragraphs seem to be in conflict. Yes, Your Honor. So what . . . should we remand this to the BIA to say what kind of a decision are you making? Correct, Your Honor. And the findings of the judge and the Board are contrary. The judge never noted that the petitioner had possessed a disregard for the laws, nor did it note that he posed a continuing risk to the public. In fact, the judge actually found that the court was persuaded by respondent's actions, by his steps in living a sober life, by his reliance on his family, and so . . . The Board simply failed in its duty to review the findings of the judge. It engaged in improper fact-finding. The Board didn't find that the judge's conclusions were clearly erroneous, rather it substituted its own. Couldn't the Board say, look, we agree with the IJ that he's probably going to be rehabilitated on the one hand, but we see his record, and his record weighs more heavenly than that fact found. So we're going to find that he's still going to be a danger to the community, and therefore we're going to use our discretion and find against him. Isn't that possible? That is possible, but the Board should have found that the judge's conclusions were clearly erroneous, and it did not do that. The Board did not . . . Why would the Board . . . And it is . . . when the Board, Your Honors, decides, determines whether a finding of a factual finding from the judge or a conclusion is clearly erroneous, it is obligated to explain why. Here it was obligated, and it could have, it should have explained why those findings were erroneous. It didn't specifically find anything to be erroneous. Your Honor, the Board . . . It said . . . . . . disagreed. It said, well, it says, we therefore agree with the DHS that the respondent has not shown persuasive evidence of rehabilitation. Yes, Your Honor, the Board found, agreed with the government, and the government directly disagreed with the judge's findings that, in fact, this petitioner was genuinely rehabilitated, and that his . . . Let me ask you, if that sentence were not in part of the BIA's decision, would you still have the same argument? The sentence that . . . Therefore . . . . . . we therefore agree that . . . Yeah. If that sentence were not part of the decision . . . Absolutely, Your Honor. And this is why. Would it have the same argument? Why? Yes, Your Honor, because the Board, in addition to finding that the petitioner did not provide persuasive evidence of his rehabilitation, it also discredited his sincerity of his rehabilitation and his credibility as a whole. The judge explicitly determined that the petitioner was credible, and found, and gave his testimony full evidentiary weight. Here the Board, in contradiction to the judge, found that the petitioner's rehabilitation was not persuasive, and that he posed a continuing risk to society that . . . I thought it was the continuing risk that was your strongest contradiction, because it seems to me that the IJ says that the petitioner is able and willing, so has the willingness and the ability not to drink anymore and drive, which would mean he's not a risk and is not predicted to re-offend. Yes, Your Honor. And the BIA comes back and says he's a continuing risk to the public, which . . . that seemed to me your biggest . . . the best point of contradiction for you. Do you agree with that? I agree, Your Honor. I agree with that. And in addition to the . . . you know, the judge also noted that he had finally seen the light, and quote, that he had hit rock bottom, and that he understood that he was at the verge of losing his family, his entire life in the United States. The thing about that is I think someone could have the intent not to re-offend, and yet be wrong about whether they're going to succeed in carrying out the intent, but this able and willing means it's not just the willingness, it's also, the I.J. said, able. That's where I feel like the two depart from each other from what the BIA said. And ultimately, the judge was there to cross-examine the witness, first-hand weigh the evidence. This is something the Board could not properly do, and I will reserve the rest of my time for rebuttal. That's fine. Thank you, Your Honor. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Imran Zaidi for the Attorney General. This petition challenges the Board's determination. The petitioner does not deserve adjustment of status as a matter of discretion in light of his serious history of DUI offenses. Now, that judgment was based on a discretionary weighing of positive and negative factors, and petitioner does not dispute that such judgments are generally unreviewable. Instead, petitioner attempts to overcome the review bar by claiming that the Board did not properly defer to the immigration judge's underlying fact findings. Now, that argument is flawed for three reasons. First, the Board here expressly recognized and indeed restated the immigration judge's factual findings and merely re-weighed the significance of those findings. But how do you deal with this able and willing? I mean, the IJ thought that the petitioner was both willing and able to carry through with this, and I don't see how the BIA took that as a fact finding that it gave deference to. Well, Your Honor, no court, this Court nor any other, has sort of diced an immigration judge's findings in the discretionary context in the way that you're talking about. So to say able or willing itself, that either one of those things means that the Board then cannot revisit that evidence without affording it clear air deference. That has never been how the Board reviews an immigration judge's findings in the context of a discretionary determination. But isn't a prediction of future events a fact finding? I thought we did have law on that, and I would have thought this was a prediction about future events. Is the petitioner likely to do drunk driving again? That's a prediction about future events. So that's right, Judge Friedland. I think there's no question that there is law about whether a predictive finding – and not just that. There's other sort of strains of findings that this Court has considered, the Board has considered factual, whether it's state of mind, historical facts, predictive. And this is an important point. One thing that can't be ignored here is that all of that body of law arises in a separate context, not in the discretionary context. And Petitioner concedes as much in their reply brief at page 7. All of the decisions that talk about what should be considered and when it should be considered a factual finding, again, predictive findings, historical facts, state of mind, that all arises in a separate context of asylum, withholding, and capital detention. You're saying that because this is a discretionary context, we should have a different rule for whether a predictive finding is a fact finding? I'm saying that the way the Board and this Court has construed findings in the discretionary context is to not treat facts or what would be considered a factual finding the same way, absolutely. And there's an important reason why. So are you saying there's an absence of case law telling us that it gets reviewed as a fact finding, or are you saying you have cases you can point us to that tell us that in the discretionary context we treat fact findings differently? No, it's an important question, Your Honor. There is an absence of cases ever importing that body of law in the context of discretionary context. But you don't have a case the other way that tells us that we look at what's a fact and what's a law totally differently here. That the Court will actually reject that line of cases in the discretionary context? No, we don't. But what you have here is a substantial body of law in this Court and then a few published decisions in others which have specifically addressed these arguments. So the other courts, the Second, Seventh, and Eighth Circuits have addressed this specific argument here, which is how the Board is to treat rehabilitative findings in the discretionary context. And in all of those decisions, again, Second, Seventh, and Eighth Circuit, we filed the 28-J letter in the Eighth Circuit decision last week. In all of those cases, the Board, we had the same circumstances that we have here, exact same circumstances. The Board was reversing an immigration judge's discretionary grant of relief, notwithstanding the fact that in all of those cases, the immigration judge had rendered positive findings with respect to rehabilitation, that it was genuine and that there seemed like this was true. So at least in the Second and the Seventh, I didn't think there was a clear direct contradiction the way I think we have here. And it seems like what those circuits said is, we don't think you're contradicting the facts, we think you're just reweighing, taking the facts as given, which I think everyone agrees would be an okay thing to do. I don't think that's true, Your Honor. I think the difference between what Petitioner is saying and what the government is saying here is that, basically, you cannot reweigh the evidence. That is how Petitioner's argument comes out, that you cannot reweigh the evidence if it gets to a point. But you can take the facts as given and then reweigh what they mean. I think you both agree that that is okay. Right. I know I agree with that. I think Petitioner's argument comes down to saying that they agree with that, but then trying to describe the findings here as having to do with something else so that they would need to be deferred to. Petitioner's argument really ultimately says and means that the board cannot reweigh the facts or cannot reweigh the significance of facts. There's just simply no way to read Petitioner's argument as saying anything other than that the board cannot come to the same evidence about rehabilitation, the sincerity of it, the criminal history and all those things, and then be able to reweigh the significance of it. But I don't understand how there's not a fact finding here. So it's one thing to say, okay, we're taking these facts, but we think they mean something different as a matter of discretion. It's another thing to say, you, I, J, believe that this guy is never going to drive drunk again, and we just disagree. We think he is. That's a fact. It's a predictive fact, and we always treat predictive facts as facts. And so then, I mean, the BIA could have said, we think this is clearly erroneous, but they didn't. You're right, Your Honor, but the board has never treated those types of findings in a discretionary context with respect to predictiveness. Again, I admit and believe that these would, in a different context, be likely to be viewed as factual findings subject to clear error. But rehabilitative findings like this do not, in that different context of a discretionary judgment, be construed as predictive findings that are subject to clear error review, because to do so would mean that the board cannot reweigh the significance of them, which is exactly what the board does. Well, it can find something as clearly erroneous. I mean, what's the problem with that as the rule? Applying in this context. Because how exactly would that work, then, Your Honor, as a practical matter? The board would have a series of factors, family ties, long-term history, long-term residence, rehabilitation, employment. And then at the end of all of that, recognize everything that an immigration judge has said. And then, instead of just being able to reweigh the evidence, which is what the board is not only allowed to but required to do, it would say, I can reweigh these things, DeNovo, but then this thing, I can't reassign the weight until I find clear error review. And to force the board to do that would have extreme, would have strong practical implications, because then the board has to slice and dice every time it reviews a discretionary determination to figure out which things it can review, DeNovo, and which things it can't. And that runs directly contrary to, again, what the Second, Seventh, and Eighth have said. And I noticed, Your Honor, you left the Eighth Circuit out, which did talk specifically about predictive findings, right? But I don't think that that distinction, again, is what we need. I don't think it's only the Eighth Circuit that's whose circumstances bear on what we have here. I think in the Second and Seventh, those decisions also address the same sort of assortment of, these go to mental state, you're talking about the future. Of course, rehabilitation has implications for the future. We don't deny that. But again, whether somebody intends to do something and what might happen, whether they pose a risk to society, all of those things, those are all tied up in the discretionary finding with regard to rehabilitation. Mr. Zaidi, as I understand what you're saying, is that regardless what factual findings the IJ makes, the BIA can disregard those findings and weigh other evidence that's in the case and come to a direct, contradictory conclusion. Is that correct? Not other evidence, Your Honor. And I don't know, Judge Baiff, what you meant by other evidence was other findings that the immigration judge has already made, so other factors that the immigration judge has already considered. The Board can't just come to different evidence altogether. Address new factors or address new evidence the immigration judge has not considered him or herself. But yes, the Board can take the factors and the evidence that the immigration judge has relied on and say, no, we're going to put a little bit less weight on this factor with regard to rehabilitation and a little bit more weight on this factor with regard to criminal history. BIA can say, we're going to put less weight on the predictive accuracy of the IJ and more on this man's recidivist background. That's right. I do want to... Did in this case, or how do we know? Because they say, we don't find the evidence persuasive. Should we remand this to the BIA so they can say exactly how they're making the decision and why? No, Your Honor, and I want to be very clear about this because this panel has now talked a couple of times about the specific language of the Board's decision, that sentence about we therefore don't find persuasive evidence of rehabilitation. And then there's another line the petitioner relies on in their brief about the recidivism undermining the evidence of rehabilitation. The language there does not suggest anything other than that the Board was putting more weight on the evidence of rehabilitation and less, excuse me, more weight on the evidence of recidivism and less weight on the evidence of rehabilitation. That is exactly what the Board has always done in this discretionary review context, and that's what it did here. But the Board also said he's a danger to the community, which contradicts the IJ's finding that he's never going to be a danger to the community because he's never going to drive drunk again. Your Honor, and that's not what the immigration judge said. And this is actually an important point that I want to be clear about. A lot of what petitioner argues sort of relies on the premise that the immigration judge came to one binary conclusion about rehabilitation, that petitioner was rehabilitated. That is not at all what the immigration judge said. The immigration judge rendered several findings with respect to rehabilitation that were positive generally, but the immigration judge himself expressed doubts about whether- able and willing to take the steps necessary to ensure that he does not drink again, and more importantly, never drinks and drives again. How is that anything other than a fact finding that he's not going to drive drunk again? It doesn't go, and I see my time's up, Your Honor. I assume I'm okay answering your question. Answer Judge Friedland's question, please. So, Judge Friedland, I think there's no question, again, that that implicates future conduct. There's no question about that. But what this Court and what the Board has done in reviewing those findings in the past is say, we recognize this is what the immigration judge has found here, and we recognize that this implicates future conduct. But we can absolutely come back to this evidence and say, we see it, we see what you've said, but we think that this other evidence with regard to your criminal history is simply more significant. But that's not what the BIA says. The BIA says he's a danger. So it is a contradiction to this prediction, and maybe you're saying the BIA can do that because it's this discretionary context. But that's a pretty bold thing. You're asking for a rule that I think is new. You're saying there's no law. I don't think it's a new rule. I think the Court has not, in the context of discretionary judgments, reviewed factual questions the same way. And I do want to be clear that, again, that evidence about what this person will do in the future, to say that that is a predictive finding, that's fine. But then to say that you can't put more evidence on recidivism and criminal history without clear air review is the opposite of how the Board and the courts have treated the Board's review of immigration judge determinations. It is contradictory. There's no question. To say we're placing more weight on recidivism and less on rehabilitation, that is definitely and necessarily saying this evidence, which contradicts this evidence, is more persuasive to us. But that's exactly what the Board has been able to do, and that's what this Court has sanctioned in reviewing the Board's decisions. And that includes in RIDOR, by the way. My time's definitely up now, but I wanted to very quickly, if it's okay with this panel, address that, because it's the decision that Petitioner sort of relies on the most. RIDOR is primarily about cat relief, cat protection. And so in that context, the Court said the Board applied an improper standard of review basically because the Board didn't consider any individualized evidence. In that case, the Board just relied on another Board decision rather than the evidence before it, and said, look, in this other Board decision, they said Haitian prison conditions were not that bad, so no cat relief here. This Court said, that's not even an error of clear air. That is actually not even adequate de novo review. Because that finding as to future harm also happened to be relevant in the cancellation context in that case, this Court said, let's also remand cancellation so that once that tainted finding is corrected, we can reconsider the cancellation. Otherwise, this Court 100% agreed with how the Board treated the discretionary factors there because the Board said, here are the findings as to this guy's immigration history, his criminal history, and his family ties, and everything else the Board was able to reweigh de novo, and that's what happened here. Okay, thank you, Counsel. Thank you. We'll hear from, I believe there's a little time left for rebuttal. Thank you, Your Honors. As noted several times, predictive findings are factual findings. Here, the Board not only reweighed the evidence, but it also engaged in improper fact-finding when it found Petitioner was a continuing risk to society, and that he possessed a disregard for the law. The judge did not make those findings. As such, the Board engaged in improper fact-finding. In terms of the Second Circuit Court cases, Noble and Wallace, the Court explicitly declined to rule that Board determinations involving rehabilitation would never involve improper fact-finding. In terms of the Seventh Circuit case, in that case, the Board did not reject or change the judge's findings. In Petitioner's case, the Board did change the factual findings when it stated that Petitioner was a continuing risk to society. What's wrong with Mr. Zaidi's point that the Board didn't really contradict the factual finding? It looked to other evidence and reweighed it with greater weight than the factual finding made by the IJ. In Petitioner's case, the new evidence the Board reweighed was a new factual finding that the Board created on its own, and it substituted those findings for the judge's. For that reason, the Board engaged in improper fact-finding, which it cannot do. The judge, as fact-finder, has the ability to question the witnesses, to review the evidence. The Board cannot properly do that, and by looking at and reweighing the other evidence. I have one last question for you. What is the exact precise relief that you're seeking? Petitioner seeks to adjust his status. No, no, no. What do you want us to do? Vacate Petitioner's removal order. And? And, alternatively, the Board can remand to the Board for further fact-finding, if appropriate, if necessary. Not by the Board? By the judge, Your Honor, if necessary. Or I would have thought remand to the BIA to accept the facts that the IJ found and then make its discretionary decision on the facts as you think it needs to accept them. Yes, Your Honor, I agree with that. Yeah, okay. All right. Thank you, counsel. We appreciate your arguments. Interesting argument. Case is submitted.
judges: Paez, Bea, Friedland